## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 26 2019, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Corey Harvey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 26, 2019

Court of Appeals Case No.
19A-CR-686

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge

Trial Court Cause No.
49G03-1709-MR-34872

**Bradford, Judge.**

# Case Summary

In September of 2017, Corey Harvey got into an argument with Daquan Proctor and others about the noise they were making outside of Harvey's apartment. Approximately thirty minutes later, Harvey approached Proctor and shot him in the head, killing him. Following Harvey's conviction for the murder of Proctor, the trial court sentenced him to fifty-five years of incarceration, with five years suspended and two of those suspended to probation. Harvey contends that his sentence is inappropriately harsh. Because we disagree, we affirm.

# Facts and Procedural History

On September 10, 2017, Joey Thompson lived with Danahea McFadden at the Woodhaven Apartments in Indianapolis. At approximately 6:30 p.m., Thompson, Proctor, Jonte Williams, and a man known as A.Z. were in one of the hallways of the apartment complex shooting dice. The group became loud, and when Harvey opened his apartment door to tell the players to quiet down, the intoxicated Proctor "g[o]t to talking back to him[,]" "cussing[,]" and challenging him to come outside. Tr. Vol. II p. 244, 245. Harvey responded, "hold that thought," and shut the door. Tr. Vol. II p. 244.

Approximately thirty minutes later, two of Harvey's cousins arrived at a parking lot in the apartment complex, one of whom was carrying a handgun. Thompson apparently felt concerned enough by the cousins' arrival that he returned to his apartment and attempted to locate his handgun. Shortly thereafter, Proctor, Williams, A.Z., McFadden's cousin Chrishunna Blackman,

and Woodhaven resident Sequoia Radford were standing outside and talking near Radford's car when Radford saw somebody peeking around a corner. Blackman advised Proctor that he needed to leave, and Blackman began walking away in the direction of McFadden's apartment when she was passed by Harvey walking the other way. As Harvey passed Blackman, he began shooting at Proctor. Harvey shot Proctor in the head, killing him, and also shot him in the right hand, right shoulder, and left foot.

[4] On September 14, 2017, the State charged Harvey with, *inter alia*, the murder of Proctor. On November 9, 2018, a jury found Harvey guilty of the murder of Proctor. On February 22, 2019, the trial court sentenced Harvey to fifty-five years of incarceration, with five years suspended and two of those suspended to probation.

## Discussion and Decision

[5] We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted).

[6] When determining whether a sentence is inappropriate, the question is not whether another sentence might be more appropriate; rather, the inquiry is whether the sentence imposed is inappropriate. *Moyer v. State*, 83 N.E.3d 136, 142 (Ind. Ct. App. 2017). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). The sentencing range for murder is forty-five to sixty-five years of incarceration, and the trial court ordered that Harvey serve a fifty-five-year advisory sentence with five years suspended, two of those suspended to probation. *See* Ind. Code § 35-50-2-3(a).

[7] The nature of Harvey's offense supports the trial court's sentencing decision. The senselessness of Harvey's crime stands out in particular, which crime was apparently motivated by anger over an argument about too much noise in the hallway outside Harvey's door. It also is worth noting that when Harvey shot Proctor in the head, over thirty minutes had passed since their argument. Harvey had more than enough time to calm down and reconsider his course of action, but did not. Finally, when Harvey opened fire, others were in the vicinity and could have also been injured or killed. For example, it is fortunate

that Radford's car was unoccupied, as it was hit by several rounds. The senseless and egregious nature of Harvey's crime justifies his sentence.

[8] Harvey's character also supports the sentence he received. While Harvey's criminal history is not excessive, even a minor criminal history is evidence of poor character. *See Rutherford*, 866 N.E.2d at 874 (observing that even a minor criminal record is a sign of a poor character). As a juvenile, Harvey was charged in 2008 with committing resisting law enforcement, criminal trespass, and unauthorized entry of a motor vehicle. As an adult, Harvey charged with possession of marijuana in 2016, a charge that was dismissed, and with dealing in marijuana and possession of marijuana in 2017, charges that were pending when he was sentenced in this case. Harvey's contacts with the juvenile and criminal justice systems have not caused him to reform himself. Quite the opposite, in fact, as Harvey has progressed from allegations of low-level drug offenses straight to murder, which—to say the least—does not speak well of Harvey's character. Harvey has failed to establish that his advisory sentence for murder is inappropriate.

[9] We affirm the judgment of the trial court.

Vaidik, C.J., and Riley, J., concur.